IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK LEVI MCKINNEY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 09-3679 |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION & PAROLE**, *et al.* | : | |

**MEMORANDUM OPINION**

Savage, J.                                                                                                September 10, 2009

The petitioner, a pro se prisoner, seeks to bring a civil action *in forma pauperis*, without prepayment of fees or security pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners bringing a civil action or filing an appeal *in forma pauperis.*

Under the Act, a prisoner bringing a civil action *in forma pauperis* must pay the full amount of the $350 filing fee. 28 U.S.C.A. § 1915(b)(1) (Supp. 2003). The prisoner must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint so the Court can determine how the $350 filing fee will be paid. *Id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.* The Court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint . . . ."

Based upon the petitioner's inmate trust fund account statement for the six-month period immediately preceding the filing of this action, an initial partial filing fee of $42.82 is assessed. The Superintendent or other appropriate official at the SCI-Graterford, or at any prison at which plaintiff may be incarcerated, will be directed to deduct $42.82 from the petitioner's prison account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania. Thereafter, each time that the balance in petitioner's inmate trust account exceeds ten dollars ($10.00), an amount no greater than 20 percent of the money credited to petitioner's account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid.

When he brought this action, the petitioner may not have known that he must pay the filing fee and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or, (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the prisoner will not get his filing fee back.

We shall give the petitioner twenty (20) days from the date of this Order to decide whether he wants to proceed with this case. If by that time the petitioner decides not to proceed with the case, he need not pay the $350.00 filing fee.