**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| DERRICK LEVI MCKINNEY | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 09-3679 |
| PENNSYLVANIA BOARD OF PROBATION & PAROLE, *et al.* | : | |

**MEMORANDUM OPINION**

Savage, J.                                                                                                                  July 6, 2010

**Introduction**

In this *pro se* action brought under 42 U.S.C. § 1983, Derrick McKinney ("McKinney") seeks injunctive relief and money damages, claiming he has been imprisoned beyond the maximum terms of his sentences on several convictions and a parole violation. He has sued the Pennsylvania Board of Probation and Parole ("PBPP"), the Pennsylvania Department of Corrections ("DOC"), the City of Philadelphia ("City"), County of Montgomery ("Montco"), County of Cumberland[1] and John and Jane Doe, asserting that they violated his Fifth and Fourteenth Amendment due process and equal protection rights when they incorrectly calculated his maximum sentence and failed to afford him a revocation or parole hearing, resulting in his being wrongfully jailed beyond the expiration of his legal sentence.

The PBPP, the DOC, Montco and the City have moved to dismiss the complaint. Each of these defendants contends that McKinney's claims for injunctive relief are barred because a writ of habeas corpus is the sole remedy, and his claims for damages are barred because a determination in his favor would demonstrate the invalidity of his criminal conviction or sentence. The PBPP and DOC also argue that they are entitled to Eleventh

---

[1]The County of Cumberland was served on March 4, 2010 and entered its appearance on March 17, 2010. As of July 6, 2010, it has not filed an answer or a motion to dismiss.

Amendment immunity and they are not liable for monetary damages under § 1983 because they are not "persons" under § 1983. Montco argues that McKinney cannot make out a claim of municipal liability because he has failed to identify any policy or custom that caused his unlawful confinement. It also asserts that punitive damages are not an available remedy in § 1983 claims against governmental entities.

In his response to the motions, McKinney argues that his § 1983 claims are not barred because he has "fully satisfied" his sentences. He also asserts that he is not challenging his convictions or the sentences. He further contends that the Eleventh Amendment does not bar his claim for damages against the PBPP, DOC and John and Jane Does because they are officials who acted under the color of law. In his response to Montco's motion, he suggests an additional basis for liability, arguing that detention beyond his maximum sentence constitutes cruel and unusual punishment.

The PBPP and DOC are not "persons" under § 1983, and they are entitled to Eleventh Amendment immunity. Also, McKinney has not identified any policy or custom implemented by Montco or the City that caused his unlawful confinement. Therefore, we shall grant the motions to dismiss.

**Facts**

McKinney recites a chronology of his criminal history, listing his different sentences dating back to 1990. He includes actions by the PBPP when it revoked his parole. He presents his own calculation of his maximum sentence which he contends expired on December 12, 2007. For the purposes of these motions, we shall assume that he is correct and he had been detained beyond his legal release date.

McKinney has since been released from DOC custody and is not under PBPP

supervision. Status Report - June 22, 2010 (Doc. No. 25) Thus, his injunctive relief claims are moot.

We now consider his claims for monetary damages based upon a violation of his Fifth and Fourteenth Amendment rights when he was detained beyond his maximum sentence.

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim "tests the legal sufficiency of plaintiff's claim." *Petruska v. Gannon University*, 462 F.3d 294, 302 (3d Cir. 2006). Additionally, where a bar to relief is apparent from the face of the complaint, dismissal under Rule 12(b)(6) may be granted. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)). The plaintiff's *pro se* pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in the plaintiff's complaint and draw all possible inferences from these facts in his favor.

**Discussion**

*PBPP and DOC*

Only persons can be sued under § 1983. Section 1983 provides that "[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . shall be liable to the party injured in an action at law . . . ." 42 U.S.C. §

3

1983 (1996). The Third Circuit has stated that claims under § 1983 against the PBPP are barred because "it is not a 'person' within the meaning of Section 1983." *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977) (*citing Fear v. Commonwealth of Pennsylvania*, 413 F.2d 88 (3d Cir. 1969), cert. denied, 396 U.S. 935 (1969)); *Fitzpatrick v. Algarin*, No. 07-4793, 2008 WL 3174983, * 3 (E.D. Pa. Aug. 7, 2008). Likewise, it has determined that the DOC cannot be sued under § 1983 because "it is not a 'person' within the meaning of 42 U.S.C. § 1983." *Adams v. Hunsberger*, 262 Fed.Appx. 478, 481 (3d Cir. 2008); *McGrath v. Johnson*, 155 F.Supp.2d 294, 301 (E.D.Pa. 2001); *cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a State is not a "person" within the meaning of § 1983); and *Lavia v. Pennsylvania Dep't of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000) (finding that "Pennsylvania's Department of Corrections is part of the executive department of the Commonwealth").

The PBPP and the DOC are also entitled to immunity under the Eleventh Amendment. The Third Circuit has held that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (*citing Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005)). Because it is a part of the executive department of the State, the Department of Corrections is entitled to Eleventh Amendment immunity. *Lavia*, 224 F.3d at 195. Therefore, McKinney's claims against the PBPP and the DOC must be dismissed.

*County of Montgomery and the City of Philadelphia*

A municipality may be responsible under § 1983 for injuries inflicted by its agent or employee only if they were the result of a governmental policy or custom. There must be

4

a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The acts of a government employee are deemed to be the result of a policy or custom of the governmental entity for whom the employee works where either: (1) the officer or the entity promulgates a policy statement and the injurious act occurs as a result of an implementation of that policy; (2) the policy maker himself violates a federal law; or (3) the policymaker is deliberately indifferent to the need for action to correct an inadequate practice that is likely to result in a violation of the constitution and fails to act. *Jiminez v. Allamerican Rathskeller, Inc.*, 503 F.3d 247, 249-50 (3d Cir. 2007) (*quoting Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003)).

In this case, McKinney claims that Montco and the City violated his due process and equal protection rights by unlawfully detaining him beyond his maximum sentence. However, he does not identify nor allege any policy or custom that caused his detention and consequent injury. The only mention of Montco in the complaint is that a Judge of the Montgomery County Court of Common Pleas imposed sentences on his convictions in that county. The only allegations involving the City are that Judges of the Philadelphia County Court of Common Pleas sentenced him to various terms of imprisonment. Nowhere does he allege the existence of any policy or custom of detaining prisoners beyond their maximum sentence. Therefore, because McKinney has not identified any policy or custom implemented by Montco or the City that caused his unlawful detention, Montco and the

City's motions to dismiss will be granted.[2]

## Conclusion

McKinney's § 1983 claims against the PBPP and the DOC must be dismissed because the PBPP and the DOC are not "persons" within the meaning of § 1983 and they are entitled to Eleventh Amendment immunity. His claims against Montco and the City must be dismissed because McKinney fails to allege any agent or employee violated any County or City policy or custom.

---

[2] Although the County of Cumberland has not yet filed a motion to dismiss, we shall dismiss the complaint against it. The same deficiencies that are present with respect to the claims against Montco and the City exist as to the claims against Cumberland County. McKinney has not alleged that any Cumberland County policy or custom was used in violating his constitutional rights. The only allegation against Cumberland County is that a judge in that county sentenced him to a term of imprisonment.